# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Tramble, 2012 IL App (3d) 110867**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ODELL P. TRAMBLE, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-11-0867 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | November 6, 2012<br><br>December 10, 2012<br>December 10, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The order suppressing the ammunition discovered in defendant's vehicle following a traffic stop was reversed and the cause was remanded for a hearing to resolve the factual disputes arising from the allegation that the stop was justified by defendant's failure to give a turn signal before stopping his vehicle. |
| Decision Under Review | Appeal from the Circuit Court of Knox County, No. 11-CF-217; the Hon. Scott Shipplett, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | John T. Pepmeyer, State's Attorney, of Galesburg (Terry A. Mertel and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| | Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellee. |

| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. Justice Lytton concurred in the judgment and opinion. Justice Wright concurred in part and dissented in part, with opinion. |

**OPINION**

¶ 1    Defendant, Odell P. Tramble, was charged with unlawful possession of ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2010)). Prior to trial, defendant filed two motions to suppress evidence. The trial court suppressed the evidence after finding that the police officers lacked sufficient grounds to stop defendant's vehicle. The State appeals, arguing that the officers had probable cause to believe that defendant violated section 11-804(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-804(a) (West 2010)). We reverse and remand.

¶ 2                                    FACTS

¶ 3    Following a traffic stop, defendant was arrested and charged with unlawful possession of ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2010)). On August 9, 2011, defendant filed two motions to suppress evidence, arguing that the police officers made an unlawful stop and search of his vehicle. The State filed a written response to both motions, arguing that defendant had violated section 11-804(a) of the Code and that the subsequent stop and search of his vehicle was lawful. The cause proceeded to a hearing on defendant's motions.

¶ 4    At the hearing, defendant testified that he was driving his girlfriend's car with Deandre Brown and DeJuan Irons as passengers. The three individuals were returning from a McDonald's restaurant when defendant missed the turn back to Brown's apartment. Defendant noticed that two marked police squad cars were following his vehicle. Defendant then turned onto a road that went behind Brown's apartment. At the end of the road was a yield sign. Defendant stopped right before the yield sign to let Brown and Irons out. At this point, the police officers activated their lights and made a traffic stop.

¶ 5    Defendant further testified that the road he was stopped on was very narrow and did not contain a shoulder. Instead, the road ran alongside a ditch. When defendant stopped, he did not use his turn signal because he was not making a turn. In fact, defendant testified that he

-2-

did not turn the steering wheel at all. The officers then asked defendant for his license and registration, and a K-9 unit was dispatched to walk around the vehicle. Despite a protest by defendant and Brown, the officers searched the entire vehicle, including the trunk of the car. In the trunk, officers found ammunition.

¶ 6        Brown testified that he had asked defendant to drive him to McDonald's the night of the stop. On their way back to his house, defendant missed the turn to his apartment, and Brown instructed defendant to take the back way. They noticed two marked police squad cars following them. The police initiated a traffic stop on the vehicle after defendant had stopped behind Brown's apartment to let him and Irons get out. Brown testified that defendant simply stopped and did not turn. Brown described the road as a concrete street with a gravel ditch and no room to move to the side.

¶ 7        Officer Christopher Hootman testified that he and another officer observed defendant's vehicle near an address where there had been heavy drug trafficking. When the vehicle began to move, Hootman decided to follow it. He did not have any specific reason to follow the vehicle; he just "wanted to." He testified that as he followed the vehicle, it pulled over sharply without signaling and came to a complete stop. The road on which it pulled over had a slight shoulder and a small ditch. When defendant stopped he was 50 feet from a yield sign. Hootman then initiated a traffic stop. During the stop, a police canine walked around defendant's vehicle and alerted to the presence of contraband. The officers then searched the vehicle and found ammunition in the trunk. Hootman also testified that there was no video of the stop because the camera in his squad car was not working.

¶ 8        The trial court found that the officers lacked sufficient grounds to stop defendant's vehicle. The court concluded that defendant did not violate any traffic laws because a turn signal is not required when a vehicle moves right or left upon a roadway. The court interpreted section 11-804(a) of the Code as requiring a turn signal only when a vehicle turns from a direct course. The court found that defendant did not turn, so therefore he did not violate section 11-804(a). Based on its finding, the court suppressed all of the evidence obtained as a result of the stop. The State appeals.

¶ 9                                                    ANALYSIS

¶ 10        The State argues that the trial court erred in suppressing the evidence obtained from the stop when it found that the police lacked sufficient grounds to initiate a traffic stop of defendant's vehicle. We review a trial court's ruling on a motion to suppress evidence pursuant to a two-part test. *People v. Absher*, 242 Ill. 2d 77 (2011). First, we will uphold the court's factual findings unless they are against the manifest weight of the evidence. *Id.* Second, we assess the established facts in relation to the issues presented and review the ultimate legal question of whether suppression is warranted *de novo*. *Id.*

¶ 11        The fourth amendment to the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const., amend. IV. The temporary detention of individuals during a traffic stop constitutes a seizure of persons within the meaning of the fourth amendment. *Whren v. United States*, 517 U.S. 806 (1996). Therefore, the decision to stop an automobile

is constitutional only if the police have, at the very least, reasonable, articulable suspicion to justify an investigative stop. *People v. Hackett*, 2012 IL 111781.

¶ 12 As an initial matter, the State argues that the trial court erred when it held that section 11-804(a) of the Code does not require an individual to signal before moving right or left and onto the shoulder of the road. Section 11-804(a) states:

"No person may turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 11-801 or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person may so turn any vehicle without giving an appropriate signal in the manner hereinafter provided." 625 ILCS 5/11-804(a) (West 2010).

¶ 13 In considering the propriety of the stop of defendant's vehicle, the trial court made the following comments about the statute:

"[S]o when they say turn a vehicle from a direct course or move right or left upon a roadway, those are two different things. One would be a turn, and one would be movement right or left.

*** [T]he next paragraph [*sic*] says, no person may so turn any vehicle. Now, in my mind, that refers back to the preceding sentence talking about a turn from a direct course. It doesn't say, may so turn or move right or left upon a roadway without giving an appropriate signal in the manner hereinafter provided. So in my mind, the movement right or left upon a roadway does not necessarily require a signal."

¶ 14 To the extent the trial court understood the last sentence of the statute to apply *only* to a turn from a direct course, that interpretation would be incorrect. The second sentence is meant to apply to all of the turns and movements listed in the first sentence. Therefore, we conclude that the statute requires an appropriate signal be used when a vehicle makes a turn, changes lanes, encroaches onto the other side of the street or road, and leaves the roadway. It does not appear that moving within a single traffic lane requires a signal.

¶ 15 We cannot, however, determine whether the trial court based its ruling on its ostensible misinterpretation of the statute because it made no factual findings to guide our consideration of whether the officers had sufficient grounds to stop defendant's vehicle.

¶ 16 The State has assumed that the defendant pulled onto the shoulder of the road and has based its claim that the court erred in granting the motion to suppress on that premise. The defendant has argued that there was no shoulder and that he pulled over within his lane.[1]

¶ 17 If the trial court believed the defendant pulled onto a shoulder without signaling his turn indicator, its decision is based on its misinterpretation of the statute and is wrong. If, on the other hand, the court believed defendant merely moved as far right within his lane as possible, there may not have been a misinterpretation of the statute and the decision granting

---

[1]There appear to be some factual inconsistencies in the two motions to suppress and defendant's testimony relative to "pulling off" the road which have not been addressed by the parties or the trial court.

the motion to suppress would be correct.

¶ 18    We cannot resolve the factual disputes inherent in the issue on appeal. Accordingly, we remand the cause to the trial court so that it can make the necessary factual findings and apply those facts to the above-stated interpretation of the statute.

¶ 19                                CONCLUSION

¶ 20    The judgment of the circuit court of Knox County is reversed and the cause is remanded for further proceedings consistent with this decision.

¶ 21    Reversed and remanded.

¶ 22    JUSTICE WRIGHT, concurring in part and dissenting in part.

¶ 23    In this case, defendant filed two motions to suppress evidence. The first motion to suppress challenged the lawfulness of the stop of the vehicle, which the trial court granted and is at issue before this court. The second motion to suppress challenged the duration of the stop and the trial court did not rule on that motion due to its decision on the initial motion to suppress.

¶ 24    I concur with the majority's decision and reasoning reversing the trial court's granting of defendant's first motion to suppress evidence based on the validity of the original traffic stop. The trial court concluded that defendant did not violate any traffic laws because a turn signal is not required when a vehicle moves right or left upon a roadway, or specifically to stop along the shoulder of the road in this instance. I agree with the majority's holding that section 11-804(a) of the Illinois Vehicle Code (Code) requires an appropriate signal before a vehicle moves left or right onto the shoulder of a road, and the trial court erred in granting suppression on those grounds. 625 ILCS 5/11-804(a) (West 2010).

¶ 25    I disagree with the majority's position that this issue should be remanded to the trial court for additional factual findings on the first motion to suppress regarding the lawfulness of the initial traffic stop in this case. The defendant's motion to suppress, filed on August 9, 2011, repeatedly admits defendant "pulled off the roadway." As a matter of law, based on the facts and pleadings involving the initial stop of the vehicle, as applied to the majority's interpretation of section 11-804(a) of the Code, the facts are sufficient to deny the initial motion to suppress.

¶ 26    I would remand this case to the trial court only to examine the merits of the second motion to suppress regarding the duration of the stop, and any other further proceedings.

¶ 27    For these reasons, I respectfully concur in part and dissent in part.