# Illinois Official Reports

## Appellate Court

---

**People v. Lubienski, 2016 IL App (3d) 150813**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK P. LUBIENSKI, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-15-0813 |
| Filed | September 1, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-DT-105; the Hon. Daniel L. Kennedy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas Moore, of Palos Hills, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Presiding Justice O'Brien concurred in the judgment and opinion.<br>Justice Schmidt specially concurred, with opinion. |

**OPINION**

¶ 1 Defendant, Mark P. Lubienski, appeals from his conviction for driving under the influence of alcohol (DUI), arguing that his counsel was ineffective for failing to file a motion to quash arrest and suppress evidence. We affirm.

¶ 2 FACTS

¶ 3 Defendant was charged with DUI (625 ILCS 5/11-501(a)(2) (West 2012)). No motion to quash arrest or suppress evidence was filed. A bench trial was held on defendant's DUI charge. Officer Lawrence Drish testified that he had been a police officer for seven years and was trained to detect when someone was under the influence of alcohol, which included the standard field sobriety tests. While on duty at approximately 1:08 a.m. on November 16, 2013, he noticed a white truck driven by defendant. He observed the truck's passenger tires briefly cross the white fog line and touch the gravel shoulder when turning right. Drish followed the truck for a while to see if it made any other traffic violations and to arrive at a safe area to effectuate a traffic stop. Defendant committed no further traffic violations. At that time, the video equipment in Drish's squad car was on and working properly. The video recording was played in court.

¶ 4 Drish pulled defendant over and noticed that defendant had "bloodshot glassy eyes," his speech was slurred, and a strong odor of alcohol was coming from inside the truck. Drish had defendant perform field sobriety tests and subsequently arrested defendant for DUI.

¶ 5 Upon the conclusion of the evidence, the court found defendant guilty of DUI. Defendant was sentenced to 12 months' court supervision.

¶ 6 ANALYSIS

¶ 7 On appeal, defendant argues that he was denied the effective assistance of counsel when his attorney failed to file a motion to quash arrest and suppress evidence. Specifically, defendant argues that the motion would have been granted because Drish's investigatory stop was not supported by a reasonable, articulable suspicion that a traffic violation occurred. Defendant's argument does not implicate the validity of his arrest. Instead, it revolves solely around the validity of the investigatory stop. Ultimately, defendant's argument fails, as Drish's decision to stop defendant's truck was reasonable in light of the fact that defendant crossed the fog line in violation of section 11-709(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-709(a) (West 2012)).

¶ 8 To prevail on a claim that trial counsel is ineffective for failing to file a motion to quash arrest and suppress evidence, defendant must show a reasonable probability that the motion would have been granted and that the outcome of the trial would have been different if the evidence had been suppressed. *People v. Colon*, 225 Ill. 2d 125, 135 (2007); *People v. Patterson*, 217 Ill. 2d 407, 438 (2005).

¶ 9 Defendant acknowledges that the seminal case applicable here is *People v. Hackett*, which examined the distinction between reasonable, articulable suspicion and probable cause with regard to section 11-709(a) of the Code. *People v. Hackett*, 2012 IL 111781; 625 ILCS 5/11-709(a) (West 2012). Under *Hackett* an officer may conduct a brief investigative stop of a vehicle where he has a reasonable, articulable suspicion to justify such a stop. *Hackett*, 2012 IL

111781, ¶ 20. An investigatory stop is proper where a police officer observes a vehicle deviate from his lane, as "[a]n investigatory stop in this situation allows the officer to inquire further into the reason for the lane deviation, either by inquiry of the driver or verification of the condition of the roadway where the deviation occurred." *Id.* ¶ 28; see also 625 ILCS 5/11-709(a) (West 2012) ("A vehicle shall be driven as nearly as practicable entirely within a single lane ***."). The investigatory stop does not need to be supported by probable cause. *Hackett*, 2012 IL 111781, ¶ 28.

¶ 10    Here, Drish observed defendant's vehicle cross over the fog line and touch the gravel shoulder while making a right-hand turn. Pursuant to section 11-709(a) of the Code (625 ILCS 5/11-709(a) (West 2012)), Drish had a reasonable, articulable suspicion that defendant had committed a traffic violation, and thus it was proper for him to effectuate an investigatory stop of defendant's vehicle. *Hackett*, 2012 IL 111781, ¶ 20. The fact that defendant did not commit any subsequent violations is irrelevant, as Drish had a reasonable, articulable suspicion for the stop immediately upon defendant's crossing of the fog line. Accordingly, defendant's ineffective assistance argument fails, as defendant is unable to show a reasonable probability that a motion to quash arrest and suppress evidence would have been granted. See *Colon*, 225 Ill. 2d at 135.

¶ 11    In coming to this conclusion, we reject the following arguments tendered by defendant. First, defendant argues that crossing the fog line and touching the shoulder was justified under section 11-801(a)(1) of the Code, which states, "[b]oth the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway." 625 ILCS 5/11-801(a)(1) (West 2012). Defendant, however, did not make the right turn "as close as practical to the right-hand curb." See *id.* Instead, there was a reasonable, articulable suspicion that defendant violated section 11-709(a) of the Code (625 ILCS 5/11-709(a) (West 2012)) by crossing the fog line. Section 11-801(a)(1) of the Code does not excuse such a deviation. We interpret section 11-801(a)(1) together with section 11-709(a) as meaning that defendant had to make the right turn as close as practical to the edge of the road while remaining within the lane. See 625 ILCS 5/11-709(a), 11-801(a)(1) (West 2012).

¶ 12    Second, defendant attempts to distinguish *Hackett*, stating that *Hackett* dealt with two deviations over the center line, which defendant did not do here. We believe that two deviations over the center line as opposed to one deviation over the fog line is a distinction without significance. Both *Hackett* and the instant case involve a defendant that deviated from his lane, thereby vesting the officer with grounds to effectuate an investigatory stop.

¶ 13    Lastly, we find defendant's reliance on *People v. Bozarth*, 2015 IL App (5th) 130147, misplaced. In *Bozarth*, the defendant was being followed by an unmarked police car and pulled off the road into a private driveway, parked behind a barn, and turned off the car's lights. *Id.* ¶ 4. The officer approached the car because he thought the defendant's actions were suspicious. *Id.* ¶¶ 6-7. He did not observe the defendant committing any violations. *Id.* The defendant was ultimately convicted of DUI, but the appellate court reversed, as the officer did not have reasonable, articulable suspicion that the defendant had committed or was about to commit a crime that would justify the stop. *Id.* ¶ 19. Here, unlike *Bozarth*, Drish observed defendant deviate from his lane, which provided a reasonable, articulable suspicion.

¶ 14    For purposes of clarity, we note it is unnecessary for us to determine whether or not Drish had probable cause to believe that defendant violated section 11-709(a). The *Hackett* court expressly stated:

" ' "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." ' [Citation.] However, as this court has observed, though traffic stops are frequently supported by 'probable cause' to believe that a traffic violation has occurred, as differentiated from the 'less exacting' standard of 'reasonable, articulable suspicion' that justifies an 'investigative stop,' the latter will suffice for purposes of the fourth amendment irrespective of whether the stop is supported by probable cause." *Hackett*, 2012 IL 111781, ¶ 20 (quoting *People v. McDonough*, 239 Ill. 2d 260, 267 (2010), quoting *Whren v. United States*, 517 U.S. 806, 810 (1996), and citing *People v. Gonzalez*, 204 Ill. 2d 220, 227-28 (2003)).

¶ 15    The *Hackett* court further explained that "in order to establish probable cause that a violation of section 11-709(a) has occurred, the officer must point to facts which support a reasonable belief that defendant has deviated from his established lane of travel *and* that it was 'practicable' for him to have remained constant in his proper lane." (Emphasis in original.) *Hackett*, 2012 IL 111781, ¶ 27. Probable cause would thus require "*affirmative* testimony that defendant deviated from his proper lane of travel *and* that no road conditions necessitated the movement." (Emphases in original.) *Id.* ¶ 28. However, an officer would have reasonable, articulable suspicion for an investigatory stop "without first 'considering whether the circumstances he or she observed would satisfy each element of a particular offense.' " *Id.* (quoting *People v. Close*, 238 Ill. 2d 497, 510 (2010)). Our supreme court has also discussed the relevance of the reasonable articulable suspicion standard in traffic cases on *People v. Gaytan*, 2013 IL App (4th) 120217. See also *People v. Tramble*, 2012 IL App (3d) 110867; *City of East Peoria v. Palmer*, 2012 IL App (3d) 110904; *People v. Hansen*, 2012 IL App (4th) 110603; *People v. Hernandez*, 2012 IL App (2d) 110266.

¶ 16    Here, Drish had a reasonable, articulable suspicion to conduct an investigatory stop when defendant crossed over the fog line, thus deviating from his established lane. *Supra* ¶ 10. Again, the sole question before us on appeal is whether the investigatory stop conducted by Drish violated the fourth amendment. In answering this question, it is not necessary for us to determine whether Drish reasonably believed it was "practicable" for defendant to have remained in his lane. The answer to that particular question would only be implicated when determining whether Drish had probable cause to cite defendant for a violation of section 11-709(a). That particular question is not before us on appeal. Moreover, we note that the record is devoid of any "affirmative testimony" indicating whether or not it was practicable for defendant to have remained in his lane.[1] *Hackett*, 2012 IL 111781, ¶ 28. Accordingly, it is not only legally unnecessary to address the question of probable cause, it is also factually impossible.

¶ 17                                    CONCLUSION

¶ 18    The judgment of the circuit court of Will County is affirmed.

¶ 19    Affirmed.

---

[1]Neither defendant nor Drish testified to this fact.

¶ 20          JUSTICE SCHMIDT, specially concurring.

¶ 21          I concur only in the judgment.